UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EAST RIVER PLACE APARTMENTS, )
)
          Plaintiff            )
                               )          No. 3:15-0783
v.                             )          Chief Judge Sharp/Bryant
                               )
DONCHELE CORBITT,              )
                               )
          Defendant            )

**TO:   THE HONORABLE KEVIN H. SHARP**
**      CHIEF JUDGE**

## REPORT AND RECOMMENDATION

          This is a detainer action removed to this Court from the
General Sessions Court of Davidson County, Tennessee, based upon an
assertion of federal question subject-matter jurisdiction in this
Court (Docket Entry No. 1).

          On December 17, 2015, the undersigned Magistrate Judge
issued an order to show cause requiring Defendant Corbitt to show
cause by December 31, 2015, why this case should not be remanded to
the General Sessions Court for lack of subject-matter jurisdiction
(Docket Entry No. 21). Defendant Corbitt filed a timely response to
this show cause order (Docket Entry No. 23).

          From a review of Defendant's response and the entire
record, the undersigned Magistrate Judge finds for the reason stated
below that this Court lacks subject-matter jurisdiction and,
therefore, recommends that this case be remanded to the General
Sessions Court, Davidson County, Tennessee.

**SUMMARY OF PERTINENT FACTS**

This case was initiated by the filing of a detainer warrant in the General Sessions Court of Davidson County on June 16, 2015. Plaintiff, East River Place Apartments, sought a court order to gain possession of Unit 201 of the subject apartments located in Nashville, Tennessee (Docket Entry No. 14-1). Donchele Corbitt is the only Defendant.

In her removal papers, the Defendant Corbitt alleges that she requested but was wrongfully denied an administrative hearing before her apartment lease was terminated, and that such denial violated her right to due process under the Fifth and Fourteenth Amendments to the United States Constitution (Docket Entry No. 2).

**ANALYSIS**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides as follows:

> (3) **Lack of Subject-Matter Jurisdiction**. If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Section 1441 of Title 28 of the United States Code provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court. In determining whether the district court has original jurisdiction of the action, courts have followed what has become known as "the well-pleaded complaint rule," which requires that federal claims necessary for subject-matter jurisdiction in the district court must appear in the complaint.

*Dillon v. Medtronic, Inc.*, 922 F. Supp. 2d, 751 (E.D. Ky. 2014). As the well-pleaded complaint rule's name suggests, only the complaint matters. Issues raised in responsive pleadings are irrelevant and jurisdiction cannot be predicated on actual or anticipated defenses. *Vaden v. Discover Bank*, 556 U.S. 99, 60 (2009); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

Applying the well-pleaded complaint rule to the detainer warrant in this action, the undersigned Magistrate Judge finds no federal question. To the contrary, the warrant on its face appears to be an action by the Plaintiff apartments seeking possession of Unit 201 from Defendant Corbitt.

In her response to the Court's show cause order, Defendant Corbitt claims that she was entitled to, but denied, an administrative hearing prior to the termination of her apartment lease. She claims that this denial violated her constitutional right to due process. Defendant Corbitt also alleges certain procedural irregularities in the General Sessions Court (Docket Entry No. 23 at 2 and 3). Without determining whether any of Corbitt's defenses have merit, the undersigned Magistrate Judge finds that they are just that – defenses. Under the established authority cited above, defenses, even those that may be based upon federal statutes or constitutional provisions, do not establish subject-matter jurisdiction in this court under the well-pleaded complaint rule.

For the foregoing reasons, the undersigned Magistrate Judge finds that this Court lacks subject-matter jurisdiction of this action and that it should, therefore, be remanded to the General Sessions Court of Davidson County, Tennessee.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that this case should be remanded to the state court for lack of subject-matter jurisdiction in this district court.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 21st day of January, 2016.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

4