UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EAST RIVER PLACE APARTMENTS, | ) |
| Plaintiff, | ) |
| | ) No. 3:15-0783 |
| v. | ) Judge Sharp |
| DONCHELE CORBITT, | ) |
| Defendant. | ) |

# ORDER

Magistrate Judge Bryant has issued a Report and Recommendation (Docket No. 34) in which he recommends that this action be dismissed for lack of subject matter jurisdiction and the case remanded to the Davidson County General Sessions Court. The reason for the recommendation is that, under the well-pleaded complaint rule, the basis for subject matter jurisdiction in the district court must appear in the complaint, see, Vaden v. Discover Bank, 556 U.S. 49, 60-61 (2009), and the detainer warrant for possession filed in state court presents no federal question. Having undertaken *de novo* review in accordance with Rule 72(b) of the Federal Rules of Civil Procedure, the Court agrees with the recommended disposition in the R & R and will overrule Defendant's Objections (Docket No. 42).

In her Objections, Defendant writes:

> There can be no dispute that this court lack subject matter jurisdiction when the general session court had issued a default judgment, except when that court has done so in a manner that frowns upon the integrity of the judicial process. There was no way the defendant could have received a just and fair hearing in the general session court, which has been clearly shown to this court, in the pleadings in this court. The plaintiff nor the counsel of record has ever denied the Defendant properly appeared in court to defend against the lawsuit in the general session court, where the default judgment was issued.

> The report and recommendation by the Magistrate Judge is clearly in error and it has always be [sic] a practice for the district court to have subject matter jurisdiction, when private defendants act in a conspiracy to those who are acting under color of state law, to deny and deprive a person of their federal protected rights to equal protection and due process under the law, as protected under the 5th and 14th Amendments to the United States Constitution.

(Docket No. 42 at 2).

The essence of Defendant's Objection is not that a federal claim was asserted in state court. Rather, she believes she has not, or will not, receive fair treatment in the General Sessions Court.

"Federal question jurisdiction is not so easily invoked." Khalid v. Signature Leasing & Mgmt., Inc., 2001 WL 880685, at *1 (N.D. Tex. July 26, 2001). "Indeed, were such a sufficient basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their [federal] rights were not being observed by state court judges." Id. It has been long held, however, that the removal statutes, even 28 U.S.C. 1443 pertaining to alleged violation of civil rights, "do[] not require and do[] not permit the judges of the federal courts to put their brethren of the state judiciary on trial." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966). Rather, claimed errors by the state trial court are matters to be addressed by the state appellate courts. See, Einhorn v. Best, 2011 WL 1046064, at *3 (S.D.N.Y. Feb. 10, 2011) ("removal improper where "gravamen of the . . . assertion of this Court's federal question jurisdiction is that they have been treated unfairly in the Foreclosure Action" in state court); Parker v. Parker, 2010 WL 4627648, at *2 (D. Del. Nov. 8, 2010) (removal improper where there was nothing to "suggest that, if in fact [plaintiff's] rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights"); Meglodon Fin., LLC v. Mar., 2009 WL 4929915, at *3 (C.D. Cal. Dec. 11, 2009) ("anecdotal evidence from unidentified witnesses that the [state] courts provide litigants pursuing unlawful detainer actions 'an unfair advantage' over

their opposing parties" insufficient for removal); <u>Weatherall v. Weatherall</u>, 83 F. Supp. 2d 1003, 1004-5 (E.D. Wis. 1999) (allegedly "unfair" state court rulings insufficient to invoke jurisdiction where no showing litigant "will be denied or cannot enforce her rights in the state courts").

The Sixth Circuit "ha[s] often noted, the removal statutes are to be narrowly construed," <u>First Nat. Bank of Pulaski v. Curry</u>, 301 F.3d 456, 462 (6th Cir. 2002), and "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction," <u>Eastman v. Marine Mech. Corp.</u>, 438 F.3d 544, 549 (6th Cir. 2006). Defendant has fallen far short of carrying her burden in this case.

Accordingly, the Report and Recommendation (Docket No. 34) is hereby ACCEPTED and APPROVED, and Defendant's Objections (Docket No. 42) thereto are hereby OVERRULED. Further, because this Court lacks subject matter jurisdiction, all remaining Motions (Docket Nos. 3, 13, 24, 25, 27 & 30) are TERMINATED.

This matter is REMANDED to the General Sessions Court for Davidson County, Tennessee. It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE